IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Wayne Odom, #267188, | ) | C/A No.: 4:15-4532-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Detective Morell; Mr. Computer; and Eric Fox, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Michael Wayne Odom ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections. He filed this civil action, which is liberally construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Detective Morell ("Morell"), Attorney Eric Fox ("Fox"), and Mr. Computer[1] (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Mr. Computer appears to be the name of a business.

I.      Factual and Procedural Background

Plaintiff filed this complaint asserting claims for cruel and unusual punishment, discrimination, libel, and pain and suffering. [ECF No. 1 at 2]. Plaintiff alleges he was hired on June 3, 2014, to "do a woman's fence line," and claims he found a white computer while clearing a trash pile. *Id.* Plaintiff alleges he could not find the owner of the computer and states he took the computer to Mr. Computer, which bought it for $40. *Id.* at 3. Plaintiff states that he spoke with Morell on June 14, 2014, and explained how he acquired the computer, but Morell did not believe him. *Id.* Plaintiff states he was arrested on July 1, 2014, and charged with receiving stolen goods. *Id.* at 5. Plaintiff alleges Fox was his lawyer and only saw him one time while he was incarcerated for seven months waiting for his trial. *Id.* at 6. Plaintiff claims he was sentenced to two years' imprisonment because Mr. Computer falsely stated that Plaintiff told him the computer was stolen. *Id*. at 5. Plaintiff claims Fox forced him to plead guilty because of Mr. Computer's statement, and he alleges Fox threatened to ask the solicitor for the maximum punishment if Plaintiff did not plead guilty. *Id*. at 5–6. Plaintiff seeks monetary damages. *Id*. at 6.

II.     Discussion

   A.      Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    *Heck* bars Plaintiff's damages claim related to his conviction

Plaintiff's complaint seeks monetary damages related to his arrest and conviction for possession of stolen goods. [ECF No. 1]. Such a claim, however, is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme

3

Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Plaintiff has not demonstrated that his conviction and/or sentence has been successfully challenged. Therefore, because success in this action would imply the invalidity of his conviction and sentence, any claims he may be attempting to pursue based on his conviction or sentence are barred by *Heck*. The undersigned recommends Plaintiff's claims against Morell be summarily dismissed.

  2. No claim against non-state actor

Plaintiff alleges Mr. Computer gave a false statement that resulted in Plaintiff's imprisonment for two years. [ECF No. 1 at 5]. Plaintiff provides insufficient facts to demonstrate that Mr. Computer is a state actor. Because purely private conduct, no matter

4

how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983, Plaintiff's claims against Mr. Computer are subject to summary dismissal. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

3. No claim against defense attorney

Plaintiff alleges Fox represented him in his criminal proceedings and failed to render effective legal representation. [ECF No. 1 at 5–6]. However, a criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981). Thus, Fox is not amenable to suit under § 1983 and is entitled to summary dismissal.

4. State law claims

The federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in Plaintiff's complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 24, 2015  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).